IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | CRIMINAL NO. 21-367 |
| BILL OMAR CARRASQUILLO, : <br> JESSE GONZALES, and <br> MICHAEL BARONE | |

### GOVERNMENT'S CONSENT MOTION
### FOR A PROTECTIVE ORDER

The United States of America respectfully requests that the Court enter a protective order, pursuant to Federal Rule of Criminal Procedure 16(d)(1), governing the use of materials produced by the government in discovery. As described more fully below, the requested protective order is necessary in this case because the discovery materials contain personal identifying information ("PII"), financial records, and other sensitive information pertaining to dozens, if not hundreds, of victims and witnesses.

In support of this motion, the government states as follows:

1. On September 2, 2021, a grand jury sitting in this district charged defendants Bill Omar Carrasquillo, Jesse Gonzales, and Michael Barone, with a variety of offenses arising out of their operation of a video content delivery service. The indictment charges that the defendants fraudulently obtained video content from five cable companies and, without obtaining permission, copied and redistributed the content to their own customers.

2. The government's investigation of this matter was extensive. It began in late 2018, and involved searches of approximately nine residences, and a variety of email and social media accounts, and electronic devices. It also included scores of grand

1

jury subpoenas, which collected financial records, tax returns, and other sensitive information. Finally, the government collected more than 85 terabytes of video content that had been recorded without permission during the course of the scheme.

3. The government is presently compiling this information for discovery in this case. As described above, the potential discovery materials in this case are voluminous and are replete with sensitive information, such as interview reports, search warrant affidavits, bank records, credit card records, and identification records. The discovery materials also contain PII of victims, witnesses and third parties, including (1) names; (2) addresses; (3) telephone numbers; (4) social security numbers; (5) birthdates; (6) email addresses; and (7) financial information. The PII contained in the records is the sort of sensitive information that could be used to impersonate the true owner of the PII. In addition, each defendant is subject to a "no contact" provision in his conditions of release, and the discovery materials identify witnesses and detail what some have told investigators and the grand jury.

4. Additionally, the video content that was collected during the investigation constitutes contraband because it was allegedly recorded without the permission of the rights-holders.

5. The large volume of discovery materials makes complete redaction of sensitive information impracticable. The government's production will include at least tens of thousands of pages. Sensitive PII appears throughout these materials. It could take months to redact all of the personal identifiers from the discovery materials, which in turn would significantly delay production of discovery to the defendant. Moreover, once redacted, the materials would be far less useful to defense counsel. Indeed, the

links between and among the documents would likely be substantially obscured if the relevant identifying information were redacted.

6. Thus, in order to protect the privacy interests of people who are identified in the discovery materials, and to prevent the potential misuse of others' personal and identifying information, the government respectfully requests that the Court enter a protective order that limits the use of the discovery materials provided to the defense to the preparation for and use at trial and any judicial proceedings, and further prohibits the defense from disclosing the discovery materials to third parties except as required to prepare for trial or for use at trial and any judicial proceedings.

7. Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides in pertinent part: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."

8. The Supreme Court has noted that the courts may use protective orders to restrict the use of materials produced in discovery "the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). *Cf. United States v. McDade*, Crim. No. 92-249, 1994 WL 161243, at *3-5 (E.D. Pa. Apr. 15, 1994) (not published) (limiting use of criminal deposition "solely for the preparation and conduct of the proceeding" and prohibiting any further disclosure); *United States v. Smith*, 602 F. Supp. 388, 397-98 (M.D. Pa. 1985) (rejecting press request to unseal bill of particulars containing the names of unindicted coconspirators and stating: "no First Amendment right of access to inspect and copy judicial records and documents that contain information which was produced in pre-trial discovery proceedings").

9.    Counsel for defendants Carrasquillo, Gonzales, and Barone have authorized the government to state that they have no objection to this motion.

WHEREFORE, based on the foregoing, the government respectfully requests that the Court enter a protective order pursuant to Rule 16(d)(1) in the form of the proposed order attached to this motion.

Respectfully submitted,

JENNIFER A. WILLIAMS
Acting United States Attorney


*/s/ Christopher J. Mannion*
CHRISTOPHER J. MANNION
MATTHEW T. NEWCOMER
Assistant United States Attorneys

JEFFREY PEARLMAN
Trial Attorney
Computer Crimes and Intellectual Property Section

DATED: October 13, 2021

**CERTIFICATE OF SERVICE**

    I certify that a copy of the foregoing consent motion for protective order was filed electronically, is available for viewing and downloading from the Electronic Case Filing system, and was served by email upon: (1) Donte Mills, Esq.; (2) Hope Lefeber, Esq.; and (3) Kathryn Roberts, Esq.

                                                          s/ Christopher J. Mannion
                                                          Christopher J. Mannion

DATED: October 13, 2021