IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 21-367 |
| BILL OMAR CARRASQUILLO, JESSE GONZALES, and MICHAEL BARONE | : | |

**UNITED STATES' MOTION
TO DECLARE CASE COMPLEX UNDER
THE SPEEDY TRIAL ACT, 18 U.S.C.
§§ 3161(h)(7)(B)(i) AND 18 U.S.C. § 3161(h)(7)(B)(ii)**

The United States of America, by its attorneys, Jennifer Arbittier Williams, Acting United States Attorney for the Eastern District of Pennsylvania, and Christopher J. Mannion and Matthew T. Newcomer, Assistant United States Attorneys, and Jeff Pearlman, Trial Attorney, moves to have this matter declared complex and to exclude from Speedy Trial Act calculations the period between the filing of this motion and the trial, and in support thereof, states:

1. On September 2, 2021, a grand jury sitting in this district charged defendants Bill Omar Carrasquillo, Jesse Gonzales, and Michael Barone, with a variety of offenses arising out of their operation of a video content delivery service. The indictment charges that the defendants fraudulently obtained video content from five cable companies and, without obtaining permission, copied and redistributed the content to their own customers.

2. The Indictment contains a total of 62 charged counts, which include alleged violations of the Copyright Act, 17 U.S.C. § 506, et seq., the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(1)(A), as well as wire fraud, in violation of 18 U.S.C. § 1343, access device fraud, in violation of 18 U.S.C. § 1029,

false statements to a bank, in violation of 18 U.S.C. § 1014, money laundering, in violation of 18 U.S.C. § 1957, false statements to law enforcement, in violation of 18 U.S.C. § 1001, removal of property to prevent seizure, in violation of 18 U.S.C. § 2232(a), and tax evasion, in violation of 26 U.S.C. § 7201.

    3.     The conduct alleged in the Indictment took place during the four-year period between early 2016 and early 2020, in a variety of domestic locations including Pennsylvania, New Jersey, New York, California, as well as in other countries. The government expects to produce at trial witnesses and evidence from most or all of those locations.

    4.     The government's investigation began in late 2018. During the investigation, the government collected a large volume of information from a variety of sources. For example, in November 2019, the government executed search warrants on approximately nine residences in Pennsylvania, New Jersey, and California, which resulted in the seizure of physical records, and executed warrants on numerous electronic devices. Throughout the investigation, the government also executed search warrants on email and social media accounts, and issued scores of grand jury subpoenas. Finally, the government collected servers from a company in Canada, which housed the allegedly illegal recordings pertinent to some of the charges.

    5.     In total, the government estimates that its discovery amounts to more than 100 terabytes of information. The government expects to begin producing this information within days, but expects that to complete production and review will take additional time. Just the process of compiling and cataloging these various materials

for production to defense counsel will be time consuming. On top of this, the government anticipates that it will take substantial time for the defense to review and assimilate the discovery once it has been produced.

6. The above-captioned case is so unusual and so complex due to the nature of the prosecution, the number of defendants, the number of witnesses and the amount of physical evidence that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act.

7. A Speedy Trial Act continuance is necessary to allow the government to produce and the defendants to review the discovery, make any necessary motions, and to permit the parties adequate preparation for any possible further pretrial proceedings and the trial.

8. Due to the nature of the prosecution and the matters stated above, the case is so unusual and complex that it is unreasonable to expect adequate preparation for possible further pretrial proceedings and the trial itself within the time limits established by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

9. The failure to grant a continuance would likely result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i).

10. This continuance is not being sought because of general congestion of the Court's calendar or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the government.

11. Counsel for the government has conferred with counsel for the defendants prior to filing this motion. Counsel for the defendants do not oppose this

Speedy Trial continuance motion, provided that such continuance is sixty days in length.

WHEREFORE, for the reasons stated above, the United States of America respectfully moves the Court to designate the case complex for Speedy Trial Act purposes, schedule a trial date to accommodate the complexity of this case, and exclude the time between the filing of this motion and the trial date under the Speedy Trial Act.

    Respectfully submitted,

    JENNIFER A. WILLIAMS
    Acting United States Attorney


    */s/ Christopher J. Mannion*
    CHRISTOPHER J. MANNION
    MATTHEW T. NEWCOMER
    Assistant United States Attorneys

    JEFFREY PEARLMAN
    Trial Attorney
    Computer Crimes and Intellectual Property Section

DATED: October 13, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that the Government's Motion to Declare Case Complex Under the Speedy Trial Act Pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and 18 U.S.C. § 3161(h)(7)(B)(ii) was filed electronically, is available for viewing and downloading from the Electronic Case Filing system, and was served by email upon: (1) Donte Mills, Esq.; (2) Hope Lefeber, Esq.; and (3) Kathryn Roberts, Esq.

                                              s/ Christopher J. Mannion
                                              CHRISTOPHER J. MANNION
                                              ASSISTANT UNITED STATES ATTORNEY

DATED: October 13, 2021