IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | CRIMINAL NO. 21-367 |
| BILL OMAR CARRASQUILLO, : JESSE GONZALES, and MICHAEL BARONE | |

### PROTECTIVE ORDER

AND NOW, this ___14th___ day of ___October___ 2021, upon consideration of the government's consent motion for a protective order and any responses to the motion, it is ORDERED that the motion is GRANTED.

The Court finds that good cause exists to enter the protective order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure. The Court has considered the "specific examples" of harm and "articulated reasoning" as set forth by the government in its motion. *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007). The Court finds that the records collected by the government during the Grand Jury's investigation in this matter contain a variety of personal identifying information of victims, witnesses, and third parties, and other sensitive information including: (1) names; (2) addresses; (3) telephone numbers; (4) social security numbers; (5) birthdates; (6) email addresses; and (6) financial information. The court finds that this information is sensitive insofar as it could be used to impersonate the true owners of the information. The Court also finds that the information appears throughout the materials that the government seeks to produce, and that redaction of such information would be impractical, requiring considerable time and resources, which would result in unnecessary delay. The Court also finds that a large portion of the discoverable materials in this matter are unlicensed

copies of intellectual property owned by victims. On balance, any public interest in the discovery materials is outweighed by the "clearly defined" and potentially "serious injur[ies]" that would result from disclosure. See Fed. R. Crim. P. 16(d)(1); *Wecht*, 484 F.3d at 212.

IT IS FURTHER ORDERED pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure that:

1. Discovery materials produced by the government shall only be used at, or in preparation for, trial or another judicial proceeding;

2. Discovery materials produced by the government shall not be disclosed to any third party except as required to present at, or prepare for, trial or another judicial proceeding;

3. Defense counsel shall maintain a log of every person to whom disclosure of the discovery materials is made. In addition, defense counsel shall obtain from every such person at the time of disclosure the following written statement:

   > I acknowledge that discovery materials have been disclosed to me for the purpose of assisting defendant _____ in preparing for and/or using such materials at trial or any other judicial hearing. I have read the Order of the Court dated _____, permitting such disclosure to me, and agree as directed in that Order that I will use the discovery materials only for preparation for or use at trial or another judicial proceeding, and will not otherwise disclose the discovery materials or information contained in the discovery materials to any third party. I acknowledge that a violation of the Court's Order may result in penalties for contempt of court.

   In the event of any dispute or issue regarding this order and in order to preserve attorney-client privilege, and attorney work product privilege, the log will be submitted to the Court for an in camera review.

4. Defense counsel may make one copy of the discovery materials available to each defendant, but the defendants shall use the materials only to prepare for trial, or another judicial proceeding, in this matter. The defendants shall not reproduce the materials or transmit them to others except pursuant to provisions 2 and 3, above.

5. At the conclusion of all proceedings in this matter, all materials produced in discovery, as well as all copies of the materials, shall either be returned to the government or destroyed by defense counsel.

6. Government counsel and defense counsel may by mutual agreement exempt from the operation of this Order any document that they conclude does not require the protections of this Order, for example because it has otherwise legitimately been widely publicly disseminated or because it disclosure would not harm any person.

7. This Order may be revised by the Court at any time. Nothing in this Order will preclude the defendant upon proper motion from seeking any additional discovery from the government, from challenging the inclusion of particular discovery materials under this protective order, or from conducting any independent investigation; and that nothing in this Order shall grant the defendant any additional right to obtain access to materials in the possession of the government.

8. The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.

BY THE COURT:

/s/Harvey Bartle III
_____
HONORABLE HARVEY BARTLE, III
UNITED STATES DISTRICT JUDGE